[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5883
 RE MOTION FOR SUMMARY JUDGMENT (No. 104)
The defendant's motion for summary judgment now before the court must be granted for reasons that can be stated very briefly.
This is a statutory action brought by a broker suing to enforce a claim for lien pursuant to Conn. Gen. Stat. § 20-325a(j). Under § 20-325a(e), "the lien provided for in this section shall not attach until the broker is entitled to compensation, without any contingencies, other than closing or transfer of title, under the terms set forth in the written contract." The evidence submitted by the parties establish that an extremely serious "contingency" has never been met in this case: the Probate Court has never approved the contract in question.
The real estate contract in question was executed on October 3, 1999, by the defendant, Bernie Lewin, in his capacity as Conservator for the Estate of Felix Lewin. It is undisputed that the sale could not be consummated without Probate Court approval. Conn. Gen. Stat. § 45a-662. Because Lewin expressly executed the contract in his capacity as Conservator, the need for Probate Court approval was a "contingency" of the highest order. An application to sell real property was filed with the New Haven Probate Court on November 23, 1999. The application was withdrawn on November 29, 1999, before the Court had acted on it. The Probate Court has never approved the contract in question to this day.
The plaintiff alleges that the defendant (or its attorney) withdrew the Probate Court application because of an improper motive. The evidence that the plaintiff has submitted is quite inconclusive on this issue, but the point is irrelevant to the statutory matter in any event. Even if the contract had been presented to the Probate Court, the sale could not have been consummated if the Probate Court had declined to order it. The question as to whether the Probate Court would have given its approval to a contract that it never, in fact, considered, involves sheer speculation. What is clear — and this involves no speculation — is that the need for Probate Court approval was a quite glaring "contingency" when the contract in question was signed by the defendant in his capacity as Conservator. This contingency has never been satisfied, and the plaintiff cannot as a matter of law recover under the statute it invokes as the sole authority for its claim.
The motion for summary judgment is granted.
 Jon C. Blue Judge of the Superior Court
CT Page 5884